STATE v. HANS A. SHELBY.[1]

June 2, 1905.

Nos. 14,238—(18).

**Use of Abusive Language.**

> In a prosecution under section 6940, G. S. 1894, defendant was charged
> in the complaint with having used certain abusive language toward and in
> the presence of complainant, intending thereby, and which naturally
> tended, to cause a breach of the peace. The trial court charged the jury
> (1) that the question of intent was immaterial, and that defendant was
> guilty of the offense charged if they found that the language used by him
> naturally tended to cause a breach of the peace; and (2) that the jury
> might, in determining whether the language naturally tended to cause
> a breach of the peace, take as a basis what the members of the jury
> would have done, had the language been used toward them. *Held*, for
> reasons stated in the opinion, error.

Appeal by defendant from an order of the district court for Todd
county, Baxter, J., denying a motion for a new trial, after a trial
and conviction of the offense set forth in the opinion. Reversed.

*J. U. Hemmy,* for appellant.

*L. M. Davis,* County Attorney, and *Geo. W. Peterson,* for the State.

BROWN, J.

Defendant was prosecuted before a justice of the peace, under sec-
tion 6940, G. S. 1894, for using in reference to and in the presence
of another abusive language. He was convicted before the justice,
and appealed to the district court on questions of law and fact, where
he was again convicted; and he appealed to this court from an order
of the district court denying a new trial.

The complaint charged that on June 29, 1903, defendant wilfully
and unlawfully used in reference to and in the presence of Frank
Putnam abusive language, intended and naturally tending to pro-
voke an assault and breach of the peace. The language was as fol-
lows: "You s—— of a b——! you ought to be sent to the insane
asylum. You are a fool." There was a sharp conflict in the evidence

[1] Reported in 103 N. W. 725.

95 M.—5

on the trial whether the words "s—— of a b——" were used by defendant at all. The complainant and his witnesses testified that the words were used, but defendant and the witnesses called by him denied it. Defendant admitted, however, saying to plaintiff, in substance:

> You fool, what are you doing here? If you don't know any better than this, you ought to be sent to the insane asylum.

The trial court instructed the jury as follows: 

> And whether this defendant really intended to drive him off or stir up trouble with him, or doing anything of that kind, is not a question for you. The question is whether, under the circumstances, the use of such language had a tendency to create a breach of the peace.

And the court gave to the jury, as the test in determining whether the language conceded to have been used by defendant had a natural tendency to cause a breach of the peace, what the individual members of the jury would have done, had the language been used toward them. His instructions on this subject were as follows:

> You have learned from the evidence the circumstances under which this language was used. You can judge for yourselves whether, if a man came to you and used that language to you, it would have a tendency to cause you to commit a breach of the peace.

These and other portions of the charge of the court are assigned as error.

The complaining witness was overseer of highways of the town in which both parties resided, and some misunderstanding arose between them respecting the manner of repairing the road in front of defendant's property. As a part of this misunderstanding, defendant admitted that he used the words above mentioned, denying the opprobrious epithet. We are of the opinion that the language so conceded to have been used was not, under the circumstances shown by the evidence, such as to justify a conviction, in the absence of an evil intent. If the language charged by the complainant, including the particularly

offensive words, was in fact used, it would warrant a conviction, without reference to the intention of defendant, for it was such as might reasonably tend to provoke a breach of the peace. The record does not disclose upon which language the jury proceeded, and, if they acted on the language conceded to have been used, no conviction could be had, in the absence of an intent. The intent to provoke a breach of the peace was charged by the complaint, and it is clear that the trial court, though no doubt inadvertently, erred in taking it from the jury. The court also erred in laying down as a test for the guidance of the jury, in determining whether the language had a tendency to cause a breach of the peace, what the individual members of the jury would have done, had the language been used toward them.

Order reversed and new trial granted.